Bergaít, J. (dissenting).
Within this present court term it has again been held that a private citizen does not have a right to sue directly officers of the State government to assert the citizen’s personal views addressed to the constitutionality of an act of the Legislature (Hidley v. Rockefeller, 28 N Y 2d 439).
The court there expressly reiterated its previous holdings that this disability extends to citizens suing as taxpayers (St. Clair v. Yonkers Raceway, 13 N Y 2d 72; Matter of Posner v. Rockefeller, 26 N Y 2d 970).
Plaintiffs, as taxpayers of the City of New York, here sue the State Board of Equalization and Assessment, the State Comptroller and the Attorney-General to obtain a declaration that an act of the Legislature providing for a revised method of determining the ratio between assessed valuation of real property of the city and the true value is unconstitutional, as plaintiffs read the Constitution. If due respect is paid to stare decisis, the action should not be entertained. That plaintiffs lack standing to sue these State officers on this kind of contention seems a settled question.
Nor do they show a right to sue the Mayor and the city officers who have also been made defendants under sectioip 51 of the General Municipal Law.
This section authorizes a suit by taxpayers to prevent ‘1 any illegal official act ”, or to prevent waste or injury to municipal property.
The ‘ ‘ illegal act ’ ’ charged by plaintiffs is merely that city officials requested the Legislature to provide a mechanism for greater flexibility in the ratio between true value and assessed value of real property in the city and that the Legislature enacted a statute for this purpose. Plaintiffs assert this enactment was beyond the constitutional power of the Legislature, but to accept their premise would mean that every time a city *955 official applied to the Legislature for a change in law which a private citizen-taxpayer believed was beyond legislative competence, and the local authorities acted in pursuance of the statute, the citizen could sue to declare the statute unconstitutional on the ground the request for legislation and the action in pursuance of it were “ illegal official act[s] ”.
This would cast a gratuitous aspersion on all local requests for legislation, including those of counties, towns or villages as well as cities. It is the universal local practice to seek legislation to implement local authority. To say this is an “ illegal official act ” reaches far out beyond any sensible meaning.
But even if plaintiffs are said to be rightly in court both as to the State officers and the city officers, they are wrong in the constitutional argument. They assert that the State statute which they challenge (Real Property Tax Law, art. 12-A, L. 1968, ch. 1069) is in conflict with section 10 of article VIII, and section 2 of article XVI of the Constitution.
No such conflict is demonstrated. Section 10 of article VIII prescribes a tax limit for the City of New York of 2%% of the “ average full valuation ” to be determined by applying to the assessed valuation over a stated period “ the ratio ” the assessed value bears ‘ ‘ to the full valuation ’ ’.
This is to be determined by a State agency ‘ ‘ as the legislature shall by law direct ’ ’.
The Legislature shall by law ‘ ‘ prescribe the manner by which such ratio shall be determined ’ ’ by the State agency. This is exactly what the 1968 statute did. It prescribed a different ‘ ‘ manner ’ ’ of making a calculation. The Legislature acted within the frame of its constitutional power. Section 2 of article XVI, to which plaintiffs also refer, authorizes the Legislature to provide for ‘ ‘ the supervision, review and equalization of assessments for purposes of taxation ”. This is concerned with the internal equalization of assessments to each other in the same tax district. It is no limitation on the power of the Legislature expressly granted by article VIII to provide a method of fixing a ratio between true value and assessed value to determine tax limits.
Nor is there any requirement for State-wide uniformity in the ratio. It differs widely according to local policies from county to county and city to city in the State and one function *956 of the State Board of Equalization and Assessment is to find what is an accurate relation between actual and assessed value in each tax district.
The purpose of the statute here challenged was to make possible by State official action a ratio which would give greater flexibility in measuring the tax and debt capacity of the city against the limits, and to help relieve the city from its financial difficulties. It was addressed entirely to the internal tax and debt problems of the city. As to the claim the State board acted too expeditiously in its initial determination, no legal or constitutional question results. The board undoubtedly was prepared in advance to act on the basis of relevant data when the statute became law.
It is pointless to hold the case for trial. There is no real dispute about the facts. The suit should not be entertained and in any case it is groundless on the merits.
The order should be reversed and judgment directed for defendants.
Chief Judge Fuld and Judges Scileppi, Breitel and Jasen concur in memorandum; Judge Bergan dissents and votes to reverse in an opinion in which Judges Burke and Gibson concur.
Order affirmed, etc.